| | |
|---|---|
| 1 | TRINETTE G. KENT (State Bar No. 025180) |
| 2 | 11811 North Tatum Blvd., Suite 3031 |
| 3 | Phoenix, AZ 85028 |
|   | Telephone: (480) 247-9644 |
| 4 | Facsimile: (480) 717-4781 |
| 5 | E-mail: tkent@lemberglaw.com |
| 6 | *Of Counsel to* |
| 7 | Lemberg & Associates LLC |
|   | A Connecticut Law Firm |
| 8 | 1100 Summer Street |
| 9 | Stamford, CT  06905 |
|   | Telephone: (203) 653-2250 |
| 10 | Facsimile: (203) 653-3424 |

Attorneys for Plaintiff,
Audrey Bryan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Audrey Bryan, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Pioneer Credit Recovery, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Audrey Bryan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Audrey Bryan (hereafter "Plaintiff"), is an adult individual residing at 7647 East Golf Avenue, Mesa, Arizona 85209, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Pioneer Credit Recovery, Inc. (hereafter "Pioneer"), is a company with an address of 26 Edward Street, Arcade, New York 14009, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Pioneer and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Pioneer at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Pioneer for collection, or Pioneer was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Pioneer Engages in Harassment and Abusive Tactics

12.    Within the last year, Pioneer contacted Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's son, Jason Bryan (the "Debtor").

13. During the initial conversation and during each conversation thereafter, Plaintiff informed Pioneer that the Debtor did not reside with Plaintiff and that the Debtor was unreachable at Plaintiff's residential or cellular telephone numbers.

14. Plaintiff further advised Pioneer that she was prohibited by court order from contacting the Debtor.

15. Plaintiff repeatedly informed Pioneer that she was in no way responsible for repayment of the Debt.

16. Plaintiff repeatedly directed Pioneer to cease all communications with her.

17. Despite Plaintiff's unequivocal instructions that Pioneer stop calling her residential and cellular telephone numbers, Pioneer continued calling Plaintiff in an attempt to reach the Debtor.

18. During one conversation, Plaintiff asked Pioneer for its address in order to send Pioneer a written cease and desist letter; however, Pioneer refused to provide its address to Plaintiff.

19. On one occasion, Pioneer falsely told Plaintiff that it had a warrant for the Debtor's arrest and threatened to come to Plaintiff's house if Plaintiff did not provide Pioneer with the Debtor's employment information, all of which caused Plaintiff to feel oppressed and frustrated.

4

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated here.

24. The Defendants contacted Plaintiff in regards to a third party's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

34. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

35. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

36. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

38. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

7

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

E.  Punitive damages; and

F.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 23, 2013          LEMBERG & ASSOCIATES, LLC

By: ___*/s/  Trinette G. Kent*___
Trinette G. Kent

Attorney for Plaintiff,
Audrey Bryan